107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney ROBINSON, Defendant-Appellant.
 No. 95-6694.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1997.
 
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rodney Robinson appeals the twenty-three-month sentence imposed upon him for committing fraud and embezzlement in violation of 18 U.S.C. § 1344 and 29 U.S.C. § 501(c). Robinson argues that the district court's downward departure was not great enough in light of his substantial assistance and also that the district court committed reversible error by failing to set forth adequately reasons for the sentence as required by 18 U.S.C. § 3553(c) and the commentary to United States Sentencing Guidelines Manual § 5K1.1.
 
 
 2
 Robinson was charged in a ten count indictment for conduct involving misrepresenting his identity and his occupation in order to obtain bank loans and other credit for the purchase of household goods. Pursuant to a plea agreement, Robinson pled guilty to three counts of the indictment. While in a pretrial holding facility in Tennessee, Robinson helped federal authorities gather information regarding illegal activity between jailers and inmates at the facility. In return for Robinson's cooperation, the government made a 5K1.1 motion for downward departure at Robinson's sentencing hearing. At a hearing held in chambers with both parties present, the district court judge allowed the government to present its evidence on Robinson's behalf and allowed opportunity for Robinson to explain his past conduct.
 
 
 3
 Following that in camera hearing, the judge returned to open court to set forth the terms of Robinson's sentence. Before announcing the sentence, the judge stated that prior to the sentencing hearing in his chambers he had preliminarily determined to impose a thirty-three-month sentence, which he believed Robinson "richly deserved" in light of his four prior criminal convictions. The court noted that Robinson fell into the highest criminal history category and that his base offense level was eleven. After stating that it had taken into account all the matters within the record, including the statements before the court in chambers, however, the court granted the motion for downward departure and assigned Robinson to a lesser sentence of twenty-three-months confinement, concurrent supervised release of five years each for counts one and two and three years for count ten, a $150.00 mandatory assessment, and restitution in the amount of $52,200.05, with credit for property returned to the victims.
 
 
 4
 Robinson's claim that the district court should have imposed an even lighter prison sentence is meritless. The degree of a downward departure following a 5K1.1 motion rests with the discretion of the district court. The court in this instance imposed a sentence of less than two years for an offense for which it could have imposed a much longer sentence. As Robinson's sentence is clearly reasonable, we find no abuse of discretion on the part of the district court.
 
 
 5
 This Court need not address the issue of whether the district court did in fact comply with the requirements of 18 U.S.C. § 3553(c) and the commentary to 5K1.1 because even if the district court did not provide a "short clear written statement," make "a reasoned statement from the bench," or provide reasons to Robinson in camera and in a sealed writing, any error is harmless. Assuming arguendo that the district court judge's statements in open court and in the written judgment fall short of the requirements of the Code and the Sentencing Guidelines with respect to providing specific reasons for the sentence, Robinson fails to proffer evidence demonstrating that he was prejudiced by the error. Given the sensitive nature of the cooperation Robinson rendered, the court properly balanced the best interests of both Robinson and the public by not offering in open court or a public document specific reasons for the downward departure. As for the fact that Judge Turner did not provide the reasons for the sentence in camera and in a sealed writing as suggested by the Commentary to 5K1.1, Robinson has not demonstrated prejudice from this omission to provide a basis for a finding of reversible error.
 
 
 6
 We, therefore, AFFIRM the district court's sentence.